## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **CEN-TEX FIRE & SECURITY LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 6:24-cv-00213-ADA-DTG** |
| | § | |
| **TRUST BANK,** | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

**TO:**  **THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Truist Bank's Motion to Dismiss (ECF No. 6). After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED-IN-PART** and Plaintiff be allowed to file an Amended Complaint within twenty-one (21) days of this Recommendation.

### I.    FACTUAL BACKGROUND

Plaintiff's live Complaint is its Original Petition that was filed in state court. As alleged in its Original Petition, Plaintiff Cen-Tex Fire & Security LLC was the subject of a wire fraud scheme on or about June 22, 2023. ECF No. 1-1 at 2. Plaintiff's funds totaling $66,640.10 were transferred by Plaintiff's bank to Defendant Truist Bank. *Id.* Defendant discovered the wire fraud, froze the funds, notified Plaintiff of the fraud, and advised Plaintiff that the funds would be returned. *Id.*

1

However, the funds were never returned and this suit followed. *Id*. Based on that conduct, Plaintiff's Petition asserted claims of negligence, gross negligence, and vicarious liability. *Id.* at 3-4. Defendant removed the case to this Court and moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* ECF No. 6.

## II.    LEGAL STANDARD

Defendant moved to dismiss the Amended Complaint under Rule 12(b)(6). A claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a Rule 12(b)(6) Motion, the Court must accept well-pleaded facts, view the case most favorable to the non-movant, and draw reasonable inferences in the non-movant's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). Accepting the facts as true, the fact must be sufficient such that the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include specific factual allegations in support of the claim. *Id*. Mere recital of the elements of a cause of action, and conclusory allegations are insufficient. *Id*. Facial plausibility exists when the well-pleaded facts create a reasonable inference that the movant is liable for the misconduct alleged. *Id.*

## III.    DISCUSSION

Defendant's primary argument for dismissal is that Plaintiff has failed to state a claim for which relief can be granted because all of Plaintiff's claims are preempted by Article 4A of the Uniform Commercial Code ("UCC").  ECF No. 6 at 4-5, 8-11. Plaintiff responds that Article 4A does not necessarily preempt all common law claims, and Defendant owed Plaintiff a duty because Defendant affirmatively represented that it would freeze the funds at issue and return them. For the reasons that follow, the Court finds that Article 4A of the UCC may preempt Plaintiff's common law claims. Therefore, as will be explained further, the Court **RECOMMENDS** that

Plaintiff's claims for gross negligence, negligence, and vicarious liability be **DISMISSED WITHOUT PREJUDICE** and Plaintiff be allowed to file an Amended Complaint.

Article 4A of the UCC governs "fund transfers" from one bank to another and creates rules for wire transfers. N.C. Gen. Stat. §25-4A-102.[1] Common law claims that create rights, duties, and liabilities inconsistent with those stated in Article 4A are preempted. *Id.*

Relying primarily on an order denying a preliminary injunction in the *Valley Chili* case, Defendant argues that Plaintiff's claims are preempted. *See* ECF No. 6 at 4-5 (citing *Valley Chili Properties, LLC v. Truist Bank*, No. EP-23-cv-420-KC, 2023 WL 9105550, at *3 (W.D. Tex. Nov. 29, 2023)). In *Valley Chili*, an unknown fraudster tricked the plaintiff's sole member to wire $13.7 million from the plaintiff's bank to the defendant, Truist Bank, which accepted the funds and deposited them into the specified account. 2023 WL 9105550, at *1. After learning of the wrongful transfer, Truist Bank told the plaintiff that there was a "hold" on the fraudulent account, but also stated that some of the funds had been transferred to other accounts. *Id.* The plaintiff then filed suit against Truist Bank, asserting common law claims, including negligence. Just as it has done in the present case, Truist Bank argued that the plaintiff's common law claims were preempted by Article 4A. *Id.* at *3.

The Court determined that Article 4A explicitly governs the post-transfer recovery process by providing a detailed system for recovering funds after a transfer has already gone awry. *Id.* The Court held that Article 4A preempted Valley Chili's common law claims against Truist Bank. *Id.*

---

[1] Article 4A directs that "[t]he rights and obligations between the sender of a payment order and the receiving bank are governed by the law of the jurisdiction in which the receiving bank is located." N.C. Gen. Stat. § 25-4A-507(a)(1); *see also* Tex. Bus. & Com. Code § 4A.507(a)(1) (same). Because Defendant is located in North Carolina, ECF No. 1-1 at 1, the Court applies North Carolina's codification of Article 4A for purposes of this Report & Recommendation.

*Valley Chili*, however, did not involve the express representations and back-and-forth discussions that occurred post-transfer as raised by Plaintiff in its Response and its Original Petition.

Plaintiff, on the other hand, argues that its claims fall outside the confines of Article 4A and points to this Court's holding in *3T Oil and Gas Services, LLC v. JPMorgan Chase Bank, N.A.*, No. A-18-cv-131-LY, 2018 WL 5018483 (W.D. Tex. Oct. 16, 2018), *report and recommendation adopted*, No. A-18-cv-131-LY, 2018 WL 6220139 (W.D. Tex. Nov. 1, 2018). ECF No. 11 at 5-8. In *3T Oil*, the plaintiff sued for negligent misrepresentation, alleging that after the wire transfer was completed, the bank represented that the funds had been flagged and would not leave the bank, and the plaintiff relied on those false representations to its detriment. *See* 2018 WL 5018483, at *3. JPMC moved to dismiss the lawsuit, arguing that 3T's negligent misrepresentation claim was preempted by Chapter 4A of the Texas Business and Commerce Code, which incorporates the UCC. *Id.* at *2. But the Court rejected JPMC's preemption argument because none of 3T's allegations fell within the provisions of Chapter 4A. *Id.* at *3. Rather, 3T's negligent misrepresentation claim was based on representations made by JPMC *after* the wire transfer was completed—not the wire transfer itself, nor any claim that JPMC mishandled the wire transfer. *Id.* Accordingly, the Court held that 3T's negligent misrepresentation claim was not preempted by Chapter 4A. *Id.*

The current state of Plaintiff's Complaint prevents the parties and the Court from fully addressing the competing cases. As noted in Defendant's Reply, Plaintiff makes allegations of misrepresentation and other conduct that occurred after the transfer was complete. ECF No. 13 at 2. But Plaintiff's live pleading fails to articulate any misrepresentation claims. ECF No. 1-1 at 3-4. It is clear under both cases that claims based on conduct related to the execution of the wire transfer at issue are preempted. *Compare Valley Chili*, 2023 WL 9105550, at *3 *with 3T Oil*, 2018

4

WL 5018483, at *2-3 It is possible, however, that conduct occurring after the wire transfer could create liability outside of the UCC. The difficulty, which Defendant notes in its Reply, is addressing these unpled claims based on the current pleadings. ECF No. 13 at 1. Defendant consents to Plaintiff repleading, ECF No. 13 at 2, and leave to amend should be freely given. *United States ex. rel. Adrian v. Regents of Univ. of Cal.*, 363, F.3d 398, 403 (5th Cir. 2004). Thus, the Court **RECOMMENDS** denying Defendant's request to dismiss Plaintiff's Complaint with prejudice and allowing Plaintiff to replead its claims given Defendant's consent.

## IV. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss (ECF No. 6) be **GRANTED-IN-PART**, in that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** and Plaintiff be **GRANTED LEAVE** to file an Amended Complaint within twenty-one (21) days of this Recommendation.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

    SIGNED this 5th day of December, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE